## CIRCUIT COURT OF HENRICO COUNTY

William C. Trimmer, Jr.

v.

Brenda Trimmer Savage,
Carolyn Elizabeth Trimmer,
and Grace D. Trimmer

July 8, 2014

Case No. CL13-2894

By Judge Catherine C. Hammond

This matter is before the Court following trial without a jury on July 1, 2014.

Defendant Grace Trimmer is the grantor and beneficiary of a Trust Agreement dated April 29, 2010 ("the Trust"). Mrs. Trimmer has three adult children and several grandchildren. Petitioner is her son. Defendants Brenda Savage and Carolyn Trimmer are her daughters and have served as Trustees for their mother ("the Trustees"). The Trust provides that, upon the death of Mrs. Trimmer, the remainder will be distributed to her three children. It also provides that, if Petitioner still owes any money to his mother, the indebtedness will reduce his share.

At trial, the Court granted the Petition to remove the Trustees and to appoint a Conservator for Grace Trimmer. The Trustees initially opposed this request for relief. However, on the morning of trial, they advised that opposition was withdrawn and they consented to Paul Izzo's appointment as successor Trustee and Conservator. This was in keeping with the recommendation of Ms. Pape, the guardian *ad litem* appointed under Va. Code § 64.2-2003.

There remain two claims by Petitioner. First, he claims that the Trustees should reimburse the Trust for certain money it paid to Stephen Dalton, Esquire. *See* Va. Code § 64.2-792(B)(3). Second, he claims that his sisters should pay Petitioner's attorney's fees and costs in this action, pursuant to the Uniform Trust Code, Va. Code § 64.2-795. In the alternative, he asks that Mrs. Trimmer's estate pay his attorney's fees and costs under Va. Code § 64.2-2008.

## Reimbursement of Funds Paid to Mr. Dalton

In a separate action filed in 2011, William Trimmer, Jr., sued his two sisters claiming defamation (Case No. CL 11-582, Henrico County). They employed Stephen Dalton, Esq., to represent them personally. In 2012, the case was tried to a jury. The jury returned a defense verdict. Brenda Savage used Trust property to pay $48,254.20 to Mr. Dalton for attorney's fees and costs. Brenda Savage also used Trust property to pay $14,391.80 to Carolyn Trimmer to cover fees she paid to Mr. Dalton.

The Trustees admit that Trust property was used for this purpose. Their defense is that their mother and her attorney advised them to take this action. They also argue that any issue respecting the propriety of paying Mr. Dalton be addressed in another pending case (Case No. CL 12-1805, Henrico County). In that case, a Commissioner in Chancery is examining whether the Trustees owe money to the Trust.

A trustee usually commits a breach of duty where she uses trust property for herself. Here, the Trustees testified that their mother wanted the Trustees to use Trust property to pay Mr. Dalton. They may honestly believe this, but the belief cannot justify the conduct, given the serious conflict existing between Petitioner and the Trustees while they managed the Trust.

At the time of the payments to Mr. Dalton, the children were adverse in a number of respects, which interfered with their legal duties. The Trustees owed a particular duty to their brother, because all three children have an interest in any Trust property that remains after their mother's death. The Trustees had a duty to preserve the Trust property for both the beneficiary, Mrs. Trimmer, and the remaindermen. *Mason v. Jones*, 67 Va. (26 Gratt.) 271, 277 (1875). This dovetails with the general duty of a trustee to serve impartially. See Va. Code § 64.2-765, "In the management of trust property, a trustee should always conduct himself with strict neutrality, favoring none of the parties, and endeavor to obtain an impartial direction in all cases of doubt or difficulty." 19 M.J., *Trusts and Trustees*, § 102; *Parsons v. Wysor*, 180 Va. 84, 21 S.E.2d 753 (1942). The payments to Mr. Dalton appear to infringe on the remainder interests and to show favoritism. The Trustees were aware of the duties of the fiduciary as they used the same argument to seek and win removal of their brother as Trustee of his father's trust in 2013. The Trustees will have to repay these funds to the Trust. There is no logical reason to make the Commissioner in Chancery examine the same evidence again, when it concerns only one payee.

## Attorney's Fees

The fees of Mr. Haskins are reasonable. He had to prepare the Petition, ascertain the medical evidence of incapacity, obtain and examine the payments made by the Trustees, and prepare for a trial. All of this was opposed vigorously until June 30, 2014. The Court will award Petitioner his fees of $33,364. The question is who should pay the attorney's fees.

Although there was some evidence of cause to remove the Trustees and appoint a successor, the principal reason for a new Trustee was lack of cooperation among the three siblings. No one person can be held responsible for this. The fees should be paid from Mrs. Trimmer's estate under Va. Code § 64.2-2008.